IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Steve Lester, | ) |
|         Plaintiff, | ) C/A No. 6:19-85-TMC-TER |
| v. | ) **ORDER** |
| Michael Henthorne, | ) |
|         Defendant. | ) |

Plaintiff Steve Lester, a prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also filed a motion for leaver to proceed in forma pauperis. (ECF No. 2). On February 6, 2019, Magistrate Judge Thomas E. Rogers, III, filed a Report and Recommendation ("Report") recommending that Plaintiff's motion to proceed in forma pauperis be denied and that Plaintiff be required to pay the full filing fee. (ECF No. 6).[1] Plaintiff was advised of his right to file objections to the Report. (ECF No. 6 at 7). However, Plaintiff has not filed any objections to the Report, and the time for doing so has expired.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

As the magistrate noted in his Report (ECF No. 6 at 2-3), Plaintiff is subject to the three strikes rule of the Prison Litigation Reform Act of 1996 ("PLRA"), which states:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Therefore, to proceed in forma pauperis, Plaintiff must establish that he is currently in imminent danger of serious physical injury. As the magistrate judge determined, Plaintiff has not made such a showing. (ECF No. 6 at 5). Therefore, Plaintiff's motion to proceed in forma pauperis is denied, and he must pay the fill filing fee.

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 6) and incorporates it herein. Accordingly, Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **DENIED**. Therefore, within fourteen (14) days, Plaintiff must pay the full filing fee of $400.00. If Plaintiff pays the filing fee, this matter will be recommitted to the magistrate judge. However, if Plaintiff fails to pay the full $400 filing fee within fourteen days, this action will be dismissed without prejudice and without

issuance of service of process.  As such, should Plaintiff fail to timely pay the filing fee, the Clerk is directed to enter final judgment at the close of the fourteen day period.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 26, 2019